# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARKCUS C.[1],            Case No. 2:22-cv-1917
    Plaintiff,                   Morrison, J.
                               Litkovitz, M.J.
   vs.

COMMISSIONER OF            **REPORT AND**
SOCIAL SECURITY,             **RECOMMENDATION**
    Defendant.

      Plaintiff Markcus C. brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's motion to remand based on supplemental authority (Doc. 14) and the Commissioner's response in opposition (Doc. 16). The Court will address plaintiff's statement of specific errors (Doc. 12) by separate Report and Recommendation.

      As will be discussed more fully in the Report and Recommendation evaluating plaintiff's statement of specific errors, the State agency psychological consultant, Jamie Lai, Psy.D., assessed plaintiff as capable only of "brief superficial interactions with the general public, coworkers, and supervisors." (Tr. 30). Upon reconsideration, State agency psychological consultant Sandra Banks, Ph.D., affirmed Dr. Lai's assessment. (*Id.*).

      Plaintiff now contends that an intervening Appeals Council decision in an unrelated case defined "superficial interaction" for the first time. (Doc. 14 at PAGEID 1385). Therefore, plaintiff contends, this matter must be remanded so that the ALJ can reevaluate plaintiff's

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

claimed disability using the "superficial interaction" definition the Appeals Council employed in the unrelated case. The Court disagrees.

First, plaintiff fails to cite any authority indicating that Appeals Council decisions have binding authority in unrelated cases. (*See* Doc. 14 at PAGEID 1385-1386). Second, prior to the ALJ's February 23, 2021 decision in this case, Courts in this District had already differentiated "superficial interactions" from the "occasional interaction" the ALJ employed here. *See Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855 (S.D. Ohio July 9, 2020), *report and recommendation adopted sub nom. Hutton v. Comm'r of Soc. Sec. Admin.*, No. 2:20-CV-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020).

Finally, and most importantly, the ALJ *declined* to adopt the superficial interactions limitation recommended by Drs. Lai and Banks, finding it unsupported by the medical evidence of record. (Tr. 31). Therefore, the definition of a term the ALJ refused to adopt does not justify remanding this matter.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to remand based on supplemental authority (Doc. 14) be **DENIED**.

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARKCUS C.,                                            Case No. 2:22-cv-2917
    Plaintiff,                                     Morrison, J
                                                   Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).